UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN VALK,

                                       Plaintiff,                        3:24-cv-3 (BKS/ML)

v.

JOHN L. HUBBARD, District Attorney,
SHAWN SMITH, District Attorney, LESLIE BURTON, II,
New York State Police Investigator, MATTHEW P.
BURKERT, New York State Police Investigator, and
JENNIFER HAHL, New York State Police Senior
Investigator,

                                         Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Justin Valk
24-B-2215
Cape Vincent Correctional Facility
Rte. 12E
PO Box 739
Cape Vincent, NY 13618

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                              MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Justin Valk brought this action under 42 U.S.C. § 1983, asserting that Defendants John Hubbard and Shawn Smith, district attorneys in the Delaware County District Attorney Office, subjected him to malicious prosecution in violation of the Fourth Amendment. (Dkt. No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 2, 3). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on April 3, 2024, granted Plaintiff's application to proceed IFP, and issued a Report-Recommendation,

recommending that Plaintiff's complaint be dismissed with leave to replead. (Dkt. No. 5). This Court adopted the Report-Recommendation and dismissed the complaint with leave to replead. (Dkt. No. 7). Plaintiff filed an amended complaint on May 23, 2024, which added additional defendants, New York State Police Investigators Leslie Burton, II, Matthew P. Burkert, and Jennifer Hahl, and additional claims pursuant to 42 U.S.C. § 1983. (Dkt. No. 8). On September 18, 2024, Magistrate Judge Lovric issued a second Report-Recommendation, recommending that the court accept portions of Plaintiff's amended complaint for filing, dismiss the amended complaint without leave to replead as to certain claims, and dismiss the amended complaint with leave to replead as to other claims. (Dkt. No. 11). Plaintiff was informed that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 27). No objections were filed. For the reasons set forth below, the Report-Recommendation is adopted in part and rejected in part.

## II.     REPORT-RECOMMENDATION

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Sughrim v. New York*, 690 F. Supp. 3d 355, 372 (S.D.N.Y. 2023) (quoting *Stenson v. Heath*, No. 11-cv-5680, 2015 WL 3826596, at *2, 2015 U.S. Dist. LEXIS 80013, at *3–4 (S.D.N.Y. June 19, 2015)). Upon reviewing the Report-Recommendation, the Court finds multiple instances of clear error.

A.  **Unlawful Imprisonment and Arraignment Delay**

Plaintiff's seventh claim is for unlawful imprisonment in violation of the Fourth Amendment against the district attorney defendants, Defendants Hubbard and Smith, asserting that these Defendants knew that there was no probable cause for his arrest or his pretrial detention for second-degree burglary, and that Plaintiff was incarcerated and did not have an arraignment for the charge of second-degree burglary until more than 96 hours after his arrest. (Dkt. No. 8, at 53). Plaintiff alleges that Defendants New York State Investigators Burkett and Hahl arrested him on August 5, 2022 for second-degree burglary and, hours after that arrest, also charged him with criminally negligent homicide and second-degree manslaughter. (*Id.* at 18–19). Plaintiff alleges that at the end of the night he was taken to Hamden Village Court for arraignment on all three charges, but that he was only arraigned on the homicide and manslaughter charges, and that he was not arraigned on the second-degree burglary charge until August 9, 2022. (*Id.* at 19). Plaintiff further alleges that Defendants Hubbard and Smith bribed a co-defendant to write false statements and provide false testimony at his preliminary hearing by offering the co-defendant his freedom, and that they "kept [Plaintiff] unlawfully imprisoned for more than twenty-one months, and due to the amount of fabricated evidence and false testimony . . . [he is] now facing a 6 year prison sentence." (*Id.* at 53).

Magistrate Judge Lovric correctly noted, in response to another of Plaintiff's claims, that a "prosecutor has absolute immunity for the initiation and conduct of a prosecution unless he proceeds in the clear absence of all jurisdiction." (Dkt. No. 11, at 17–18 (citing *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005))). Defendants Hubbard and Smith had absolute immunity for their acts "intimately associated with the judicial phase of the criminal process" —including presenting evidence and offer plea bargains. (*Id.* at 19 (quoting *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012))).

3

Magistrate Judge Lovric, however, recommended that "a response be required to Plaintiff's unlawful imprisonment claim pursuant to the Fourth Amendment against Defendant Hubbard [and Defendant Smith] in [their] individual capacit[ies] related to Plaintiff's arraignment delay." (Dkt. No. 11, at 20–21). The Court disagrees. "Absent an allegation of the deprivation of a right secured by prompt arraignment . . . a delay in arraignment does not in itself support a cause of action under Section 1983." *Wells v. Manhattan Crim. Court Arraignment No. 3*, No. 99-cv-1298, 2000 WL 460458, at *2, 2000 U.S. Dist. LEXIS 5174, at *5 (S.D.N.Y. Apr. 20, 2000) (citing *Bradford v. Lefkowitz*, 240 F. Supp. 969, 976 (S.D.N.Y. 1965)). "To the extent [a plaintiff] seeks to challenge his confinement pursuant to judicial process as unlawful, the appropriate avenue of redress is a Section 1983 action for malicious prosecution." *Id.* (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116–17 (2d Cir. 1995). And Plaintiff could not meet the elements of a malicious prosecution claim, as one of the elements of the claim, that "the proceeding ended in the plaintiff's favor," *see id.* (citing *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994)), is clearly absent here, (*see* Dkt. No. 8, at 54 (stating Plaintiff accepted a plea deal)).

Moreover, to the extent Plaintiff asserts that Defendants Hubbard and Smith were responsible for the delay in his arraignment on the burglary charge,[1] a prosecutor's role with respect to an arraignment is prosecutorial, and they would be entitled to absolute immunity. *Ogunkoya v. Monaghan*, 913 F.3d 64, 71 (2d Cir. 2019). The Court therefore finds that Plaintiff's claim for unlawful imprisonment based on his arraignment delay cannot survive and it was clear error not to dismiss this claim.

---

[1] The Court notes that Plaintiff does not allege sufficient facts to plausibly allege personal involvement of the Defendant prosecutors in the arraignment delay. A plaintiff must prove "that each Government-official defendant, through the official's own individual actions," has violated the plaintiff's rights. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

### B. Violation of Fifth Amendment Right Against Compelled Self-Incrimination

Plaintiff claims that Defendant Smith violated Plaintiff's Fifth Amendment right against compelled self-incrimination by not accepting the guilty plea to second degree burglary "unless [Plaintiff] implicated [himself] in the burglary," (Dkt. No. 8, at 54). The Court agrees that this claim must be dismissed, but it must be dismissed because Defendant Smith has absolute immunity. *Giraldo*, 694 F.3d at 165. Additionally, while Magistrate Judge Lovric recommended that Plaintiff be granted leave to replead this claim, (Dkt. No. 11, at 26), the Court finds that repleading would be futile and therefore inappropriate here. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. . . . Such a futile request to replead should be denied.").

### C. Leave to Replead

Magistrate Judge Lovric also recommended that Plaintiff be given leave to replead several of his other claims for monetary damages against certain Defendants in their individual capacities, including: his claim against Defendant Burton for a *Miranda* violation; his claims against Defendant Hubbard and Defendant Smith for a due process violation and excessive bail; and his claim against Defendant Smith for an excessive and unreasonable sentence. (Dkt. No. 11, at 24). Elsewhere in his opinion, Magistrate Judge Lovric correctly recommended the dismissal of these claims for the following reasons: First, he recommended dismissal of the *Miranda* violation claim against Defendant Burton because "the failure to give *Miranda* warnings does not create liability under § 1983." (*Id.* at 16 (quoting *Spicer v. Burden*, 564 F. Supp. 3d 22, 30 (D. Conn. 2021))). Second, he recommended dismissal of the claims for violation of due process and excessive bail against Defendants Hubbard and Smith because the actions underlying those claims are subject to prosecutorial immunity. (Dkt. No. 11, at 17–20, 21). Third, he recommended dismissal of Plaintiff's claim against Defendant Smith for an excessive and

unreasonable sentence because sentencing challenges must be made pursuant to 28 U.S.C. § 2254. (Dkt. No. 11, at 21–22).

Magistrate Judge Lovric recommended allowing Plaintiff to replead on the basis that "where a *pro se* litigant asserts new claims in an amended complaint, the district court 'should . . . afford[ Plaintiff] at least one opportunity to amend th[o]se newly asserted claims before entering a sua sponte dismissal with prejudice." (*Id.* (quoting *Mitchell v. Annucci*, No. 21-2978-pr, 2023 WL 8073106, at *4, 2023 U.S. App. LEXIS 30907, at *10 (2d Cir. Nov. 1. 2023) (summary order))). But, as described above, the problems with the claims are "substantive flaws that would not benefit from repleading." *Riddick v. Semple*, 731 Fed. App'x 11, 15 (2d Cir. 2018). Consequently, it would be inappropriate to allow Plaintiff to replead these claims in this instance. *See Cuoco*, 222 F.3d at 112. Accordingly, it was clear error to permit Plaintiff to replead these specific claims.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, (Dkt. No. 11), is **ADOPTED in part and REJECTED in part**; and it is further

**ORDERED** that Plaintiff's Amended Complaint, (Dkt. No. 8), is accepted for filing to the extent that it asserts: (1) a claim against Defendant Burton in his individual capacity alleging (a) an unlawful seizure on May 4 or 5, 2022, and (b) falsification of evidence on May 9, 2022; and (2) claims against Defendants Hahl and Burkert in their individual capacities alleging false arrest; and it is further

**ORDERED** that the Amended Complaint, (Dkt. No. 8), is otherwise **DISMISSED WITHOUT LEAVE TO REPLEAD**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and it is further

**ORDERED** that the Clerk issue summonses and forward them, along with a copy of the amended complaint to the United States Marshal for service upon Leslie Burton, II, Matthew P. Burkert, and Jennifer Hahl; and it is further

**ORDERED** that the Clerk provide the superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization, (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of Plaintiff's Inmate Authorization, (Dkt. No. 3), to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>November 15, 2024</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge